# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:10-cv-465

| | |
|---|---|
| JASON JAY BULLOCK, | )<br>) |
| Plaintiff, | )<br>) |
| | ) MEMORANDUM |
| Vs. | ) OF DECISION |
| | ) |
| SPHERION; and HEWITT & ASSOCIATES, | )<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the court on Spherion's Motion to Dismiss (#19) and Hewitt & Associates' Motion to Dismiss (#25). Having considered such motions, reviewed the pleadings, and conducted a hearing, the court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

### I. Background

This is a *pro se* Title VII action against a temporary agency and one of the businesses it served. Plaintiff's claim relates to his failure to get past initial screening tests. In his Complaint, plaintiff has checked blocks in the court provided form and written in "Title VII, the Americans with Disabilities Act, The Genetic Information, Non Discrimination Act and the Age Discrimination in Employment Act." Complaint, ¶ (C)(5). Plaintiff's only factual contentions alleged in support of those claims include contentions that defendants failed to hire him based on failure to pass a pre-employment test and based on a credit check. It is

undisputed that the company plaintiff has named as "Spherion" is a temporary agency and that the company plaintiff has named as Hewitt & Associates is the company where he had hoped Spherion would place him to work.

Defendant Spherion has moved to dismiss pursuant to Rule 12(b)(1) & (6), Federal Rules of Civil Procedure, arguing that no such entity named "Spherion" exists, that plaintiff failed to raise any administrative claim under the Americans with Disabilities Act (hereinafter "ADA") or the Genetic Information Nondiscrimination Act (hereinafter "GINA"), and that plaintiff has failed to state a claim under the ADA, GINA, the Age Discrimination in Employment Act (hereinafter "ADEA"), or Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"). Defendant Hewitt & Associates has moved to dismiss on the same grounds, but has also asserted that plaintiff's claims must be dismissed as it never employed him and cannot be considered to be an employer.

## II.     Applicable Standards

### A.     Rule 12(b)(1) Standard

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron

v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. Where jurisdictional facts are intertwined with facts central to the substance of a case, a court must find that jurisdiction exists and consider and resolve the jurisdictional objection as a direct attack on the merits of the case. United States v. North Carolina, 180 F.3d 574, 580 (4th Cir. 1999).

### B. Rule 12(b)(6) Standard

Until recently, a complaint could not be dismissed under Rule 12(b)(6) unless it appeared certain that plaintiff could prove no set of facts which would support its claim and entitle it to relief. Neitzke v. Williams, 490 U.S. 319 (1989); Conley v. Gibson, 355 U.S. 41 (1957). This "no set of facts" standard has been specifically abrogated by the Supreme Court in recent decisions.

First, in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Court held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Id., at 563. The Court specifically rejected use of the "no set of facts" standard because such standard would improperly allow a "wholly conclusory statement of claim" to "survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Id., at 561 (alteration in original).

Post Twombly, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts in their complaint that "raise a right to relief above the speculative level." Id., at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Id., at 557. Instead, a plaintiff must now plead sufficient facts to state a claim

for relief that is "*plausible* on its face." Id., at 570 (emphasis added).

While the Court was clear in Twombly that Conley was no longer controlling, see Twombly, 550 U.S. at 563, and Felman Production Inc. v. Bannai, 2007 WL 3244638, at *4 (S.D.W.Va. 2007), it again visited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (May 18, 2009). In Iqbal, the Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., S.Ct., at 1949. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Id. (citing Twombly, supra; emphasis added). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where a plaintiff pleads "facts that are 'merely consistent with' a defendant's liability . . . ." Id. While the court accepts plausible factual allegations made in a complaint as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

In sum, when ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the

factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*) (citations omitted). A complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Id., at 93 (alteration and internal quotation marks omitted). However, to survive a motion to dismiss, the complaint must "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950. While a plaintiff is not required to plead facts that constitute a *prima facie* case in order to survive a motion to dismiss, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002), "[f]actual allegations must be enough to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555.

   C.   **Pro Se Pleadings**

Although district courts must liberally construe *pro se* complaints, courts cannot act as the *pro se* plaintiff's advocate and cannot develop claims which the plaintiff failed to clearly raise on the face of the Complaint. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). As a result, even a *pro se* plaintiff's basis for relief "requires more than labels and conclusions...." Twombly, 550 U.S. at 555. Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). In light of Twombly and Bass,

conclusory statements with insufficient factual allegations, even when asserted by *pro se* plaintiffs, will simply not suffice.

## III. Discussion

### A. Failure to Name, Sue, and Serve Extant Entities

Both defendants have correctly pointed out that plaintiff has failed to sue extant entities. In Hess v. Firestone Plastics Co., 872 F.2d 417, *1 n.1 (4th Cir. 1989) (table), the Court of Appeals for the Fourth Circuit affirmed the district court's dismissal of an action where plaintiff attempted to sue a non-existent entity. While the court certainly agrees with such logic, the court would be inclined to allow plaintiff an opportunity to amend his Complaint to properly name the parties and then effectuate service on those parties under Rule 4 *if* the Complaint otherwise stated viable claims. See Davidson v. Mission St. Joseph's Hospital, 1:01cv51 (W.D.N.C. June 15, 2001). Thus, the court will first consider the merits of defendants' substantive motions.

### B. Failure to State Cognizable Claims

As is readily apparent from the face of the Complaint, plaintiff has failed to state a cognizable claim under Title VII, the ADA, GINA, and the ADEA. Indeed, the face of his Complaint reveals that the business or businesses at which he sought employment had legitimate, non-discriminatory reasons for not hiring him.

#### 1. Plaintiff Failed to Adequately Plead a Claim of Race Discrimination in Violation of Title VII

To establish a *prima facie* case of discrimination in hiring under Title VII, a plaintiff

must demonstrate that "(i) he belongs to a protected class, (ii) he applied and was qualified for a job for which the employer was seeking applicants, (iii) despite his qualifications, he was rejected, and (iv) after his rejection, the position remained open and the employer continued to seek applicants from persons of his qualifications." EEOC v. Sears Roebuck and Co., 243 F.3d 846, 851 (4th Cir. 2001). Beyond checking a line indicating he believes the alleged discriminatory conduct relates to "my race," plaintiff offers no assertions or evidence that his race has anything to do with any of his claims. Plaintiff fails to even identify his race in the Complaint, let alone support that his race was the basis for some form of discrimination. Further, the allegations of the Complaint defeat other elements of the claim inasmuch as plaintiff did not pass screening tests, clear indicia that he was not qualified for the available positions. Such allegations fail to satisfy Rule 12(b)(6). The court will dismiss the Title VII claim.

### 2. Plaintiff Failed to Adequately Plead an ADEA Claim

Plaintiff's ADEA also fails to meet the requisite pleading and plausibility requirements. As with the Title VII analysis above, for a plaintiff to establish a failure to hire based on age, he must show "(1) [he] is a member of a protected class; (2) [he] applied for the positions in question; (3) [he] was qualified for the positions; and (4) [he] was not selected for the positions under circumstances that give rise to an inference of discrimination." Bius v. Thompson, No. 06142004, 2004 WL 1348221, at *3 (M.D.N.C. June 14, 2004). In addition, plaintiff also must prove that age was the "but-for" cause of the alleged adverse action taken against him. Gross v. FBL Fin. Servs., Inc., __ U.S. __, 129

S.Ct. 2343, 2350 (2009). Plaintiff used a "check mark" to indicate that he believes "Defendant's conduct is discriminatory with respect to . . . [his] age." Complaint (#1, at 3). Outside this bare conclusory assertion, plaintiff fails to allege any factual information in support of age discrimination, including his *age* or a birth date from which his age may be determined. Further, there is no allegation that age was the "but-for" cause of any of his asserted damages or injuries. The facts that plaintiff does allege - - that defendants failed to hire him "based on 'passing' pre-employment test," that Defendant "lied" about "whereabouts," or that it was based on a credit check - - do not implicate age. (Doc. No. 1 at 4). Indeed, the allegations of the Complaint rebut that age was the "but for" reason he was not hired. The court will dismiss the ADEA claim.

### 3. Plaintiff Failed to Adequately Plead an ADA Claim

Plaintiff's Complaint likewise fails to meet the standards for alleging a claim for disability discrimination under the ADA.

> Failure-to-hire claims asserted under the ADA are evaluated under a modified version of the framework promulgated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under the *McDonnell Douglas* scheme, a plaintiff must first make a prima facie showing of discrimination by showing that he (1) is disabled within the meaning of the ADA; (2) applied for the vacant position; (3) was qualified for the position; and (4) was rejected for the position under circumstance giving rise to an inference of unlawful discrimination. *See Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 268 (4th Cir.2005); *Mackey v. Shalala*, 360 F.3d 463, 468 (4th Cir.2004).

<u>Allen v. Johnson,</u> 2010 WL 2431022, * 3 (D.Md. June 10, 2010). Other than listing "the

Americans with Disabilities Act" as one of the statutes under which plaintiff is proceeding, there is no information alleged in the Complaint asserting the existence of a disability or that could support any inference of discrimination due to a disability or a perception of plaintiff suffering from a disability. The court will dismiss the ADA claim in accordance with Rule 12(b)(6).

### 4. Plaintiff has Failed to Adequately Plead a GINA Claim

Plaintiff's claim under GINA also fails to meet basic pleading requirements. Under GINA, it is an unlawful employment practice for an employer "to fail or refuse to hire . . . or otherwise to discriminate against any employee . . . because of genetic information with respect to the employee." 42 U.S.C. § 2000ff-1(a)(1). "Genetic information" with respect to any individual is defined as "information about (i) such individual's genetic tests, (ii) the genetic tests of family members of such individual, and (iii) the manifestation of a disease or disorder in family members of such individual." 42 U.S.C. § 2000ff(4)(A). Genetic information does not include information about the sex or age of any individual. 42 U.S.C. § 2000ff(4)(C).

Beyond listing "the Genetic Information Nondiscrimination Act" as one of his claims, plaintiff has alleged no facts in support of a GINA claim. There are no allegations that either defendant asked for or obtained plaintiff's genetic information or, even assuming *arguendo* that such information was made available to defendants, that such information was used to discriminate against plaintiff. The court will dismiss the GINA claim.

### C. Conclusion

After careful consideration of plaintiff's Complaint and defendants' motions, and after conducting a hearing, the court will dismiss the Complaint in accordance with Rule 12(b)(6). It appearing that plaintiff has cannot state any actionable claim against either the named or actual defendants, the court will also dismiss this action under Rule 12(b)(1) for failure to name extant entities.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Spherion's Motion to Dismiss (#19) and Hewitt & Associates' Motion to Dismiss (#25) are **ALLOWED**, and this action is **DISMISSED** for failure to name extant defendants and for failure to state cognizable claims.

### Advice of Appellate Rights

In accordance with Wilder v. Chairman of the Central Classification Bd., 926 F.2d 367, 371 (4th Cir.)("while not mandated, the preferable practice is to include a statement to all final orders involving *pro se* litigants setting forth the litigants' appellate rights"), cert. denied, 502 U.S. 832 (1991), plaintiff is hereby advised of the right to appeal this decision to the Court of Appeals of the Fourth Circuit in the manner described in Rule 3, Federal Rules of Appellate Procedure, by filing a Notice of Appeal with the Clerk of this Court within the time prescribed in Rule 4, Federal Rules of Appellate Procedure, which is **30 days** from entry of this Order. Failure to file a Notice of Appeal within the first 30-day period after entry of judgment requires the filing of a motion for extension of time and a notice of appeal within the second 30-day period after entry of judgment. Fed. R. App. P. 4(a)(5). See

United States ex rel. Leonard v. O'Leary, 788 F.2d 1238, 1240 (7th Cir. 1986).

Signed: May 16, 2011

*Max O. Cogburn Jr.*
United States District Judge